# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| IN RE:<br><br>EDWARD AND TISHA BALDWIN,<br><br>Debtors-in-possession. | Case No. 309-14189<br>Chapter 11<br>Randal S. Mashburn, Judge |
| EDWARD AND TISHA BALDWIN,<br><br>Plaintiff,<br><br>v.<br><br>STATEBRIDGE COMPANY,<br><br>Defendant. | Adversary No. 20-ap-90119 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COMES NOW Statebridge Company ("Statebridge") and files this *Memorandum of Law in Support of its Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## STATEMENT OF FACTS

This case relates to the Plaintiffs' alleged post-petition attempt to payoff their mortgage loan. The subject security deed is currently held by Statebridge. [Doc. 1], ¶ 5.

The Plaintiffs filed their Chapter 11 case on December 11, 2009, and the case was closed on December 10, 2012. [Case No. 309-14189 Doc. 1, 197]. Over four years later, on March 3, 2017, the Plaintiffs filed a *Motion for Contempt for Violation Of The Automatic Stay Provisions Of Section 362(A), The Terms Of The Confirmation Order And The Discharge Injunction Of Section 524 Of The Bankruptcy Code* (the "2017 Motion for Contempt")[Case No. 309-14189, Doc. 199]. In the 2017 Motion for Contempt, the Plaintiffs allege Statebridge "failed to apply

1

the funds paid by the Debtor in accordance with the order of confirmation of this Court." [Case No. 309-14189, Doc. 199, P.1]. The 2017 Motion for Contempt contains no specific allegations with respect to any alleged payments, including the date or manner in which the "funds" were allegedly tendered. On August 1, 2017, Statebridge filed *Statebridge Company's Response to Motion For Contempt For Violation Of The Automatic Stay Provisions Of Section 362(A), The Terms Of The Confirmation Order And The Discharge Injunction Of Section 524 Of The Bankruptcy Code* (the "2017 Statebridge Response")[Case No. 309-14189, Doc. 206], and on August 2, 2017, the Court entered the following Order:

> ORDER by Judge Mashburn: With regard to docket entry # 206, the Debtors filed a motion for contempt against Statebridge Company, LLC. The matter was initially scheduled for March 28, 2017, and then continued to April 18, 2017, and then further continued to May 2, 2017, at which time counsel for the Debtors announced that an agreed order would be submitted resolving the matter. No such order has been submitted, but Statebridge Company, LLC has now filed a response to the motion. If the Debtors still wish to pursue the contempt matter, counsel for the Debtors shall promptly file a request to reschedule the hearing and shall respond to the argument made by Statebridge Company, LLC that the relief requested cannot be granted because this is a closed case. (las) (Entered: 08/02/2017)

(the "2017 Order")[Case No. 309-14189, Doc. 207].

The Plaintiffs did not file a request to reschedule the hearing or a response to the 2017 Statebridge Response, and the bankruptcy case remains closed. However, over three years after the 2017 Order and almost eight years after the Plaintiffs' bankruptcy case was closed, on August 13, 2020, the Plaintiff filed the *Complaint of Debtor Against Statebridge Company for Equitable Subordination, and to Determine Property of the Estate, Nature and Extent of Lien, and for Damages* (the "Complaint")[Doc. 1].

In the Complaint, the Plaintiffs again make a very similar argument to the one in their 2017 Motion for Contempt. Specifically, the Plaintiffs allege, "Debtors tendered to the Defendant a check to payoff said lien. Said check was never negotiated, and to date, the

2

Case 3:20-ap-90119    Doc 7-1    Filed 10/19/20    Entered 10/19/20 12:49:13    Desc
Memorandum in Support of Motion to Dismiss    Page 2 of 6

Defendant has done nothing either to recover the check or seek any payment under the plan." [Doc. 1, ¶ 4.] As in the 2017 Motion for Contempt, no date of the alleged payment is set forth in the Complaint. In this action, Plaintiffs ask that Statebridge's claim be equitably subordinated to the interests of all claimants in the estate, including the interests of the Plaintiffs, under Section 510(c) of the Bankruptcy Code.

**ARGUMENT AND CITATION OF AUTHORITY**

**A. STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id*. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing Twombly, 550 U.S. at 555).

**B. THIS ACTION SHOULD BE DISMISSED BECAUSE THE BANKRUPTCY CASE REMAINS CLOSED.**

As in initial matter, Statebridge denies the allegations in the Complaint. Specifically, Statebridge has agreed and stands ready, willing, and able to accept payment of the remaining balance Plaintiffs owe Statebridge, and to and release the lien upon Debtors' property; however, Debtors have failed to tender said amounts. Logically, Statebridge has no reason not to accept

3

full payment, and Statebridge cannot be held liable for refusing to accept payments that have not been tendered.

Further, the Complaint is procedurally improper as the Court must reopen the closed bankruptcy case before it has jurisdiction to hear this action. The present case was closed on December 10, 2012, when the Court issued its Final Decree. [Doc. 197]. 11 U.S.C. § 350(b) provides in relevant part "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." This code section makes it "clear that Congress contemplated that a case would be reopened 'to accord relief to the debtor.' To ignore the language of § 350(b) in a context like this would render it surplusage, which courts are discouraged from doing." *Cohn v. Wells Fargo Home Mortgage, Inc. (In re Cohn)*, No. 07-90680, 2008 WL 8013412, at \*2 (Bankr. S.D. Ca. March 10, 2008). "[T]he act of reopening [a case] is largely ministerial and of no substantive import, [it] does not make it procedurally or administratively irrelevant." *Id.* at \*2.

Statebridge has already presented this exact argument that the underlying bankruptcy case must be reopened before Plaintiffs can pursue claims related to payments after the case was closed in its response to the 2017 Motion for Contempt. [Doc. 206, ¶ 1]. This Court ordered Plaintiffs to respond to this argument over three years ago when this Court expressly ordered that Plaintiffs "shall respond to the argument made by Statebridge Company, LLC that the relief requested cannot be granted because this is a closed case." [Doc. 207]. Moreover, this Order was after "counsel for the Debtors announced that an agreed order would be submitted resolving the [2017 Motion for Contempt]." [Doc. 207]. As a matter of law, the Plaintiffs cannot proceed with this action while their underlying case is closed.

**C. THIS ACTION SHOULD BE DISMISSED BECAUSE THE COMPLAINT DOES NOT STATE A CLAIM FOR EQUITABLE SUBROGATION.**

Even if this case could proceed, it should still be dismissed for failure to state a claim. The Sixth Circuit Court of Appeals has adopted a three-part standard for establishing equitable subordination: "(1) the claimant must have engaged in some type of inequitable conduct; (2) the misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act." *In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 744 (6th Cir. 2001) (*citing In re Baker & Getty Fin. Servs., Inc.*, 974 F.2d 712, 717-18 (6th Cir.1992)). With respect to the first requirement that there be some type of inequitable conduct, if the claimant is not an insider (as in the case at hand), "then evidence of more egregious conduct such as fraud, spoilation or overreaching is necessary." *In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 745 (6th Cir. 2001)(*citing In re Fabricators*, 926 F.2d 1458, 1465 (5th Cir.1991)).

The Complaint in this action does not include even threadbare recitals of the elements of a cause of action for equitable subrogation. With respect to the first requirement that there be some type of conduct more egregious than inequitable conduct, such as fraud, spoilation or overreaching, there are absolutely no allegations of any egregious conduct against Statebridge in the Complaint. The sole allegation in the Complaint is that "a check" the Plaintiffs allegedly tendered to Statebridge on an unspecified date "was never negotiated." [Doc. 1, ¶ 5] This is not an allegation that Statebridge did anything at all, much less that it engaged in fraud, spoilation, overreaching, or any similar egregious conduct. Since equitable subrogation is the only count presented in the Complaint and there is no allegation of egregious conduct, the Complaint should be dismissed.

5

With respect to the second requirement that the alleged misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant, there is no allegation of injury to the Plaintiffs' creditors in the Complaint. In fact, Plaintiffs admit in the Complaint that "to date, the Defendant has done nothing either to recover the check or seek any payment under the plan." [Doc. 1, ¶ 4]. Because there is no allegation of misconduct or injury to the Plaintiffs' creditors, the Complaint should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Statebridge respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 19th day of October, 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for Statebridge Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of October, 2020, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)

6